# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE FLORENCIO GARCIA-VELAZQUEZ, § § § *Plaintiff*, § § v. § § UNITED STATES OF AMERICA. § § *Defendant*. § | Civil Action No.  SA-13-CV-1038-XR |

## ORDER

On this date, the Court considered Plaintiff's response to the Court's show cause order. Resp., Docket No. 17; *see* Order, Docket No. 9.

On November 13, 2013, Plaintiff Jose Florencio Garcia-Velazquez filed a lawsuit in this Court. Docket No. 1.  In his original complaint, Plaintiff alleges that he is a lawful permanent resident of the United States who was unlawfully deported.  Plaintiff asserts claims for false imprisonment, malicious prosecution, and negligence against Defendant the United States of America, pursuant to the Federal Tort Claims Act.

In his complaint, Plaintiff asserts that he timely filed an administrative complaint with the Department of Homeland Security ("DHS") before filing suit. *Id.* ¶ 3.  DHS allegedly denied Plaintiff's claim on September 4, 2013. *Id.*  Plaintiff refers to an attachment—presumably DHS's denial—to support this assertion that his claim was denied.[1]  Despite this reference, Plaintiff's complaint does not include any attachments.

---

[1] Plaintiff states: "The DHS denied Plaintiffs' [*sic*] claim on September 4, 2013 (see attached)." Compl. ¶ 3.

1

On March 19, 2014, the Court noted that the docket contained no record that Defendant had been served. Docket No. 9.  Consequently, the Court ordered Plaintiff to show cause why this case should not be dismissed for Plaintiff's apparent failure to serve Defendant within 120 days after his complaint was filed. *Id.*; *see* FED. R. Civ. P. 4(l)(1), (m). Plaintiff responded by filing proofs of service showing that copies of the summons were served by certified mail on the civil-process clerk at the United States Attorney's Office for the Western District of Texas, the Attorney General of the United States at Washington D.C., and DHS. *See* Proofs, Docket Nos. 11–15; Resp., Docket No. 17.  The proofs of service show that copies of the summons were sent to those individuals within 120 days after Plaintiff's complaint was filed.

On April 17, 2014, Defendant filed an advisory with the Court asserting that Defendant had not been served pursuant to Federal Rule of Civil Procedure 4. Docket No. 18; *See* FED. R. CIV. PRO. 4(i) (listing the requirements for serving the United States and its agencies). Defendant asserts that Plaintiff's attempts at service contain numerous deficiencies; however, Defendant points specifically to only one alleged deficiency—that Plaintiff's complaint was served without attachments.

Federal Rule of Civil Procedure 4(i) permits a plaintiff to serve the United States by sending a copy of the summons and complaint to the civil-process clerk at the United States Attorney's Office, the Attorney General of the United States in Washington, D.C., and if the plaintiff's action challenges an order of a nonparty agency or officer of the United States, the agency or officer. FED. R. CIV. PRO. 4(i).  Federal Rule 4(m) requires that a plaintiff serve these individuals within 120 days after the complaint is filed. FED. R. CIV. PRO. 4(m).

In this case, Plaintiff sues the United States for the allegedly improper actions of DHS. Plaintiff has provided the Court with proofs of service, indicating that the civil-process clerk at the United States Attorney's Office for the Western District of Texas, the Attorney General of the United States at Washington D.C., and DHS were sent copies of the summons within 120 days of the filing of the lawsuit. Docket Nos. 11–15. Defendant does not dispute that these individuals received the summons and copies of the complaint. Accordingly, it appears that Plaintiff has properly served Defendant. *See* FED. R. CIV. PRO. 4(i). Nevertheless, Defendant asserts that Plaintiff did not properly serve Defendant because the complaint filed with this Court and the copies of the complaint sent to the individuals required to be served under Rule 4(i) do not contain the internally referenced attachment. *See* Compl. ¶ 3.

While it appears Plaintiff may have inadvertently failed to include an attachment with his filed complaint, his failure to include the attachment does not prevent his filed document from being a "complaint." *See id.* Federal Rule of Civil Procedure 8(a) requires that "a pleading that states a claim for relief . . . contain a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . and a demand for the relief sought." FED. R. CIV. PRO. 8(a). The Rules does not require that a complaint also include internally referenced attachments, and Defendant has not pointed to any authority holding otherwise. It should be noted that the attachment was apparently written by DHS. While Plaintiff's complaint may not state a claim for relief without the attachment, Defendant should pursue any challenges it may have to the sufficiency of the complaint through the procedures allowed by the Federal Rules. *See e.g.*, FED R. CIV. PRO. 12. Defendant's failure

to respond within the boundaries of the Rules exposes it to the risk of default judgment. *See* FED R. CIV. PRO. 55.

## Conclusion

The Court has reviewed Plaintiff's response to its show cause order. Docket No. 17. For the foregoing reasons, the Court finds that Plaintiff has shown good cause for why this case should not be dismissed. Defendant is ORDERED to file an answer or motion to dismiss within 14 days.

SIGNED this 5th day of May, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE