IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE FLORENCIO GARCIA-VALASQUEZ, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. SA-13-CV-1038-XR |
| v. | § § | |
| UNITED STATES OF AMERICA, | § § | |
| *Defendant.* | § § | |

### ORDER

On this date, the Court considered Defendant's motion to dismiss for lack of subject-matter jurisdiction. Docket No. 20. For the following reasons, the Court GRANTS the motion.

### I. Background

**A. Factual Background[1]**

According to his complaint, Plaintiff became a legal permanent resident of the United States in November 1990. Compl. ¶ 7. On August 13, 2004, Plaintiff asserts that he was convicted of misdemeanor assault in violation of Texas Penal Code § 22.01(a). *Id.* ¶ 8. After Plaintiff's conviction, Defendant initiated removal proceedings against Plaintiff, pursuant to 8 U.S.C. § 1227(a)(2)(E). *Id.* ¶¶ 8–10. 8 U.S.C. § 1227(a)(2)(E) provides that "[a]ny alien who at any time after admission is convicted of a crime of domestic violence . . . is deportable." 8

---

[1] The background facts are drawn from Plaintiff's complaint. Docket No. 1; s*ee Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). For the purposes of deciding this motion, Defendant does not dispute the facts alleged in the complaint. *See* Mot. to Dismiss at 5–7 (Defendant analyzing the Court's jurisdiction based on Plaintiff's factual allegations).

1

U.S.C. § 1227(a)(2)(E); *see Gonzalez-Garcia v. Gonzales*, 166 F. App'x 740, 743 (5th Cir. 2006).

Sometime after removal proceedings were initiated, Defendant dropped the proceedings. *Id.* ¶¶ 12–18. Plaintiff suggests that Defendant did so because Plaintiff's conviction for misdemeanor assault could not, as a matter of law, be a "crime of domestic violence" within the scope of 8 U.S.C. § 1227(a)(2)(E). *See* Compl. ¶¶ 14, 15, 17 & 18 (citing *United States v. Hernandez Villegas*, 468 F.3d 874 (5th Cir. 2006); *United States v. Zuniga Soto*, 527 F.3d 1110 (10th Cir. 2008)). Nevertheless, on or about August 3, 2009, Defendant again initiated removal proceedings, although, Plaintiff alleges, his removal remained barred. *Id.* ¶¶ 20–23.[2]

After proceedings were initiated for a second time, the immigration court set the case for a removal hearing. *Id*. ¶ 24. The court sent notice of the hearing to Plaintiff at the Wagoner County Jail in Oklahoma; however, Plaintiff alleges, he failed to receive notice because he was not an inmate at the Wagoner County Jail. Compl. ¶¶ 19, 24–26.[3] Plaintiff did not appear at the removal hearing, and the immigration judge ordered Plaintiff removed *in absentia*. *Id*. ¶ 26. Thereafter, Plaintiff filed a motion to reopen proceedings upon learning the court's verdict, but the court denied his motion. *Id.* ¶¶ 27–30. Plaintiff appealed. *Id.* ¶ 31.

---

[2] Plaintiff also asserts that the actions of Defendant's counsel in bringing removal proceedings were sanctionable. Compl. ¶ 22 (citing 8 C.F.R. § 1003.102(c), (j)). The Court does not address whether Plaintiff's removal was barred by clear, binding precedent or whether Defendant's counsel's conduct was sanctionable. Even if one or both contentions are true, as explained below, Plaintiff has not stated a claim against the United States falling within the terms of its waiver of sovereign immunity. *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) ("Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver.").

[3] Instead, Plaintiff alleges he was an inmate at the Oklahoma City Jail. Compl. ¶ 19.


Ultimately, Plaintiff was deported to Mexico on or about March 10, 2010, while his appeal remained pending. *Id.* ¶ 32.

On June 29, 2011, the Board of Immigration Appeals sustained Plaintiff's appeal and remanded his case to the immigration court for further proceedings. *Id.* ¶ 34. On October 24, 2012, Defendant allowed Plaintiff to return to the United States for the continuation of his removal proceedings. *Id.* ¶ 35. On January 18, 2013, the immigration court terminated the removal proceedings against Plaintiff on the parties' joint motion. *Id.* ¶ 36.

**B. Procedural History**

On November 13, 2013, Plaintiff filed his complaint with this Court. Docket No. 1. Plaintiff asserts claims against the United States for false imprisonment, malicious prosecution, and negligence under the False Tort Claims Act ("FTCA").

On May 19, 2014, Defendant filed a motion to dismiss for lack of subject matter jurisdiction. Docket No. 20. Defendant asserts that Plaintiff did not file an administrative claim within two years of his causes of action accruing, and, therefore, Plaintiff's suit is barred by the FTCA's two-year statute of limitations. Plaintiff responded, asserting a right to equitable tolling for, at least, his malicious prosecution claim. Docket No. 22. Defendant replied in support of its motion to dismiss, asserting additional arguments for dismissal. In reply, Defendant asserts that, regardless of limitations, this Court lacks subject-matter jurisdiction over Plaintiff's malicious prosecution claim because the FTCA does not waive the United States immunity for intentional torts committed by United States immigration attorneys. Docket No. 26. Plaintiff has not responded to Defendant's additional arguments.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The party asserting jurisdiction bears the burden of proving jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

When considering a motion to dismiss for lack of jurisdiction, courts may consider evidence outside of the complaint and dismiss on the bases of: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* at 161. Here, Defendant attaches to its motion to dismiss Plaintiff's administrative claim, filed with the Department of Homeland Security ("DHS"). Docket No. 20, Ex. A. The claim shows that Plaintiff filed his claim with DHS on February 25, 2013. *Id.* at 2. Plaintiff does not contest this evidence. Accordingly, the Court accepts the undisputed date of February 25, 2013, as the date Plaintiff filed his administrative claim with DHS.

### III. Discussion

The FTCA provides for a limited waiver of the United States' sovereign immunity to allow a plaintiff to proceed on tort claims against the government in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. §§ 2674, 1346(b); *see United States v. Kubrick,* 444 U.S. 111, 117–18 (1979). The FTCA requires that a claim against the federal government be filed with the appropriate agency within two years after the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a). If a party's claim is denied by the administrative agency, the party then has six months after the denial of the claim to file a tort-claim lawsuit. *Id.* § 2401(b). The FTCA's statute of limitations is jurisdictional, and a claimant is required to meet both filing deadlines. *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011).

Defendant asserts that this Court lacks subject-matter jurisdiction because more than two years passed between when Plaintiff's tort claims accrued and when he filed his administrative claim with DHS. *See* 28 U.S.C. §§ 2401(b), 2675(a). Defendant argues that Plaintiff's claims accrued on or around March 10, 2010, when Plaintiff was deported. *See* Compl. ¶ 32.[4] Since Plaintiff filed his administrative claim on February 25, 2013—more than two years after Plaintiff's removal—Defendant asserts, Plaintiffs claims are barred by limitations. 28 U.S.C. §§ 2401(b), 2675(a); s*ee* Admin. Claim at 2.

Plaintiff responds by pointing to *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim under 42 U.S.C. § 1983 for malicious prosecution, or "for

---

[4] Defendant attaches to its motion a warrant of removal, which states that Plaintiff was deported on March 9, 2010. *See* Docket No. 20, Ex. C at 2. Plaintiff alleges that he was removed "[o]n or about March 10, 2010." Compl. ¶ 32. The exact date is not determinative of jurisdiction; therefore, for the purposes of deciding when Plaintiff's causes of action accrued, the Court accepts the date of March 10, 2010, as Plaintiff's removal date. *See Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found . . . [on] the complaint alone.").

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," does not accrue until "that [] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487; *see Wallace v. Kato*, 549 U.S. 384, 393 (2007) ("[The *Heck* rule] delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn.") (emphasis in the original). Plaintiff argues that if the *Heck* rule applies to his case, his claims did not accrue until his immigration proceedings were terminated in his favor on January 18, 2013. Compl. ¶ 36. Since Plaintiff filed his administrative claim on February 25, 2013—within two years of accrual if the *Heck* rule applies—Plaintiff asserts, his claims were timely filed. *See* 28 U.S.C. §§ 2401(b), 2675(a); *Wallace*, 549 U.S. at 393.[5]

Neither the Supreme Court nor the Fifth Circuit has ruled on the applicability of the *Heck* rule to immigration orders. Nevertheless, the Supreme Court has applied the rule to a state prisoner's challenge to the validity of prison procedures used to deprive the prisoner of good-time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Fifth Circuit when confronted with the issue, declined to rule on whether the *Heck* rule applied to immigration orders; instead, it reversed on other grounds. *See Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 946 (5th Cir. 1999).[6] Since here, as discussed below, Plaintiff's

---

[5] Neither party disputes that Plaintiff filed his lawsuit within six months of denial of his administrative claim by DHS. *See* 28 U.S.C. § 2401(b); *see also* DHS Denial Letter, dated September 4, 2013, Docket No. 20, Ex. A.

[6] In *Humphries*, the court reversed a district court finding that the plaintiff's claims for involuntary servitude and mistreatment while in detention were frivolous under the *Heck* rule. *Id.* The Fifth Circuit held that, even if the *Heck* rule applied to immigration orders, judgment for the plaintiff on his claims for involuntary servitude and mistreatment "would in no way imply the invalidity of [the plaintiff's] detention or exclusion." *Id.* Since the *Heck* rule would not apply to bar the plaintiff from asserting the claims, the district court erred in finding the

claims are barred regardless of whether the *Heck* rule applies, this Court too declines to rule on the issue.

First, Plaintiff's false imprisonment claim is barred by limitations regardless of whether the *Heck* rule applies.  "[F]alse imprisonment consists of detention without legal process" and "ends once the victim becomes held *pursuant to such process*." *Wallace*, 549 U.S. at 389 (emphasis in the original).  A claim for false imprisonment does not necessarily impugn an extant legal action. *See id.* 393–94.  Consequently, the Supreme Court has held that the *Heck* rule does not apply to delay the accrual date of a false imprisonment claim. *Id.* at 393–94.  Plaintiff has conceded as much in his response, praying only that "Defendant's motion as to Plaintiff's malicious prosecution [claim] should be denied." Resp. at 6.  Since Plaintiff's false imprisonment claim accrued, at the latest, when he was released from detention on March 10, 2010, it is now barred by limitations. *See* 28 U.S.C. §§ 2401(b), 2675(a).

Next, as to Plaintiff's malicious prosecution claim, Defendant has put forth additional arguments for dismissal in its reply brief.  Typically, this Court will not consider arguments raised for the first time in a reply brief. *See, e.g.*, *Mendez v. Caterpillar, Inc.*, SA-09-CV-978-XR, 2012 WL 90492, at *5 (W.D. Tex. Jan. 11, 2012).  Nevertheless, since Defendant's arguments challenge this Court's subject-matter jurisdiction, which may be objected to "by a

---

claims frivolous under the rule. *Id.*  Additionally, the Fifth Circuit analyzed whether the plaintiff's claims were barred by 8 U.S.C. § 1252(g), which, with limited exceptions, bars district courts from hearing "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." *Id.* at 942–45; *see* 8 U.S.C. § 1252.  Defendant has not asserted that 8 U.S.C. § 1252(g) applies to this case; therefore, the Court does not consider the issue.

party, or by a court on its own initiative, at any stage in the litigation," this Court considers Defendant's arguments. *Arbaugh*, 546 U.S. at 506; *see* Fed. R. Civ. P. 12(h)(3).

In reply, Defendant notes that the FTCA's limited waiver of sovereign immunity does not encompass "any claim arising out of false imprisonment . . . [or] malicious prosecution" unless the acts or omissions giving rise to that claim are those of an "investigative or law enforcement officer." 28 U.S.C. § 2680(h). An "'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* Defendant asserts that Plaintiff has not alleged that his malicious prosecution resulted from the actions or omissions of investigative or law enforcement officers and, therefore, his claim must be dismissed.

The Court agrees. Plaintiff does not identify any of the actors who allegedly falsely imprisoned or maliciously prosecuted him. At best, Plaintiff's claims could be understood as being directed towards the United States attorneys who prosecuted his removal action. Acting as attorneys, those individuals are not investigative or law enforcement officers. *See Cao v. United States,* 156 F. App'x 48, 50 (9th Cir. 2005) (dismissing a detainee's suit for false imprisonment against an immigration judge and an INS attorney because the detainee "[had] not established that either the immigration judge or the INS attorneys are investigative or law enforcement officers under § 2680(h)"); *Vander Zee v. Reno,* 100 F.3d 952, n.2 (5th Cir. 1996) (unpublished) ("[C]ourts that have considered the question have concluded that prosecuting attorneys are not 'law enforcement officers' within the meaning of [§ 2680(h)]."). Since Plaintiff has not established that his false imprisonment or malicious prosecution claims arose out of the actions or omissions of investigative or law enforcement officers, he has not

established that his claims fall within the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. 2680(h).[7]

Finally, to the extent the issue is not moot, Plaintiff's claim for negligence is likewise barred by 28 U.S.C. § 2860(h). *See* Resp. at 6 (praying only that Defendant's motion as to Plaintiff's malicious prosecution claim should be denied).  Although negligence is not specifically excepted under § 2680(h), as malicious prosecution is, it is nevertheless barred when the conduct from which the negligence claim "arises out of [is] conduct that would establish an excepted cause of action." *Leleux v. United States,* 178 F.3d 750, 756 (5th Cir. 1999) (internal quotation marks omitted).  Here, Plaintiff alleges that Defendant negligently breached its "duty not to initiate removal proceedings against Plaintiff without legal basis." Compl. ¶ 46.  In comparison, Plaintiff alleges that Defendant maliciously prosecuted him by instituting and executing removal proceedings "without legal basis." *Id.* ¶ 43.  Since malicious prosecution is a § 2680(h) excepted cause of action, and since Plaintiff's negligence claim arise out of conduct that, Plaintiff alleges, would establish his malicious prosecution claim, Plaintiff's negligence claim is also barred. *See* 28 U.S.C. § 2680(h); *Leleux*, 178 F.3d at 756.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  For the foregoing reasons, the Court finds Plaintiff has not established Defendant's waiver of sovereign immunity for suit on Plaintiff's claims. *See Ramming v. United States*, 281 F.3d at 161.  Therefore, the Court

---

[7] Moreover, the FTCA does not waive sovereign immunity for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved [is] abused."  28 U.S.C. § 2680(a). The Supreme Court has held that under the discretionary function exception a federal prosecutor "is absolutely immune from liability for the decision to prosecute." *Hartman v. Moore,* 547 U.S. 250, 262 (2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

dismisses Plaintiff's claims for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1), 12(h)(3).

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Docket No. 20. Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk of Court is instructed to enter final judgment pursuant to Rule 58 and to close the case.

It is so ORDERED.

SIGNED this 29th day of July, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE